IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CINCO J., INC. d/b/a JOHNSON OIL COMPANY<br>    Plaintiff,<br><br>vs.<br><br>PRESSURE TRUCKS, INC. AND RICK THONE<br>    Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 5:15-cv-00214-XR<br>JURY DEMAND |

**DEFENDANT RICK THONE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, ORIGINAL ANSWER AND COUNTER CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Rick Thone ("Thone") and responds to the allegations made by Plaintiff Cinco J. Inc. d/b/a Johnson Oil Company ("Johnson"), files the attached Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Original Answer, and Counter Claims. In support, Thone would show this Court the following:

I.

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1. Johnson has sued Thone for breach of contract and for a suit on sworn account. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff moves for a partial dismissal of the Claims asserted by Johnson against Thone. Specifically, Thone moves to dismiss the suit on sworn account claim made by Johnson against Thone.

2. In its petition, Johnson has alleged that Thone is responsible for the debts of Pressure Trucks, Inc. ("Pressure") because Thone signed a personal guarantee of that debt. Guarantors cannot be held liable under a suit on sworn account cause of action under Texas law. *See*, *Products Unlimited, Inc. v. Am. Radiator & Standard Sanitary Corp., Indus. Div.*, 397 S.W.2d 551, 552 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e.); *Arndt v. Nat'l Supply Co.*, 633 S.W.2d 919, 925 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Therefore, Johnson has pled a cause of action against Thone that is invalid as a matter of law. For this reason, this claim should be dismissed.

## II.

## ADMISSIONS AND DENIALS

3. Thone admits the first two sentences of paragraph 1 of Plaintiff's Original Petition. Thone denies that he, as an individual, is required to maintain a designated agent as pled by Plaintiff, but avers that the issue is moot as Thone has waived any defect in service by answering. Thone admits that jurisdiction is proper in Texas for this dispute and that venue is appropriate in the Western District of Texas. Thone denies that the Texas Rules of Procedure govern this dispute as alleged in the third sub paragraph of paragraph one.

4. Thone denies the allegations contained in Paragraph 2.

5. Thone denies the allegations contained in Paragraph 3. Answering in more detail, Thone admits that he signed a guaranty agreement. However, Thone

denies that the agreement covered the debt in question or plead in Plaintiff's suit.

6. Thone denies the allegations contained in Paragraph 4.

7. Thone denies the allegations contained in Paragraph 5.

8. Thone denies the allegations contained in Paragraph 6.

9. The allegations contained in paragraph 7 call for legal conclusions. Consequently, Thone is not required to admit or deny these allegations. However, to the extent that an answer is required, Thone denies the allegations contained in Paragraph 7.

### III.

### AFFIRMATIVE DEFENSES

10. Thone pleads the affirmative defense of waiver and/or estoppel. As more fully alleged below, representatives for Thone met with Johnson in person in early 2014. During that meeting, Johnson agreed to release Thone from Thone's guaranty agreement. This agreement is inconsistent with Johnson's current actions.

11. Thone pleads the affirmative defense of prior material breach. Johnson was the first party to breach by failing to release Thone from the release as promised in a meeting between Thone's representatives and Johnson.

12. Thone is not liable because Plaintiff has failed to generally plead satisfaction of conditions precedent.

13. Thone is not liable because Plaintiff has failed to mitigate its damages.

14. Thone is not liable because of the doctrine of Novation. Specifically, while Thone's guarantee was valid, there was a mutual agreement of all parties to release Thone from this obligation and seek to recover funds directly from Pressure and/or Pressure's new owners.

15. Thone is not liable because of the doctrine of failure of consideration.

16. Thone is not liable because Pressure agreed to a subsequent contractual release of Thone.

17. Thone pleads that Plaintiff has failed to state a claim upon which relief can be granted.

IV.

## COUNTER CLAIMS

18. Plaintiff agreed to release Rick Thone from Thone's personal guarantee. However, despite this agreement, Plaintiff continued taking money from Thone's bank account. In total removed $13,231.10 from bank accounts owned by Thone.

## BACKGROUND FACTS

19. In 2013, Pressure met with Johnson regarding an agreement to receive materials on credit. In support, Thone signed a personal guarantee. Subsequently (upon information and belief), Pressure used Johnson's services on two occasions, which were promptly paid by check.

20. Next, in early January 2014, Thone sold his interest in Pressure to Daniel King and Pat McCoy. Because it had been some time since Pressure had

Defendant Thone's
Motion to Dismiss, Original Answer,
and Counter Claims                                                                                  Page 4 of 10

interacted with Johnson, and because of new ownership, McCoy and another individual met with representatives of Johnson. During this meeting, Johnson, through its authorized representatives, agreed to release Thone from Thone's personal guarantee and seek to recover funds only from Pressure. This release also constituted a waiver of the term in the guarantee agreement that required Thone to file a written revocation of his guarantee. In return, Pressure agreed to use Johnson's supply and credit services moving forward for Pressure's Texas operations.

21. Johnson failed to comply with this agreement, and breached both its guarantee agreement and its contractual release. More specifically, it began deducting funds from Thone's account rather than directly invoicing Pressure and waiting for payment from Pressure. In fact (upon information and belief), after receiving payments by checks, Johnson refunded Thone's account, only to subsequently deduct funds from same. In total, Johnson wrongfully withdrew $13,231.10 (the "Property") from Thone. These funds were sequestered and specifically identifiable in that they were the only funds in the relevant account.

22. In November of 2014, Johnson attempted to withdraw in excess of $20,000.00 from Thone's account. This attempt was unsuccessful and Pressure informed Johnson that this was true because, as indicated in the early February 2014 meeting, Thone's account was not owned by Pressure. Pressure informed

Johnson in writing this time, and provided Johnson with a guarantee agreement signed by Pressure's owner Daniel King.

23. Rather than returning the wrongfully converted $13,231.10 (the disputed funds), and despite Pressure's alleged arrearage of nearly $50,000.00, Johnson (upon information and belief) continued to provide Pressure materials on credit. In fact, upon information and belief, Johnson allowed Pressure to take on in excess of $11,000.00 in debt *after* Pressure provided Johnson with the notice and credit application described in paragraph 22. Johnson currently alleges that Rick Thone is obligated to pay this entire obligation despite specific notice on two separate occasions that Thone was not associated with Pressure Trucks.

## CAUSES OF ACTION

### CAUSE OF ACTION No. 1:
### CONVERSION

24. Thone incorporates herein the allegations contained in paragraphs 2 through 23.

25. Thone had the right to the immediate control and possession of the Property. The Property is personal property, which Johnson has converted.

26. Johnson wrongfully withdrew the Property from Thone's bank account after authority to do so had been withdrawn from Johnson. Consequently, Defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized matter, to the exclusion of and inconsistent

with the rights of Thone. At the time that the funds were withdrawn, they were specifically identifiable in that they totaled the only funds that were in the account.

27. Johnson's acts amount to a clear repudiation of Thone's rights.

28. Johnson's wrongful acts proximately caused injury to Thone and have resulted in Thone's loss of use and enjoyment of the Property. Consequently, Thone seeks unliquidated damages in the amount of at least $13,231.10.

29. All conditions precedent to the recovery by Thone on his conversion claim against Defendants have occurred, been performed or waived by Johnson.

### CAUSE OF ACTION No. 2:
### THEFT LIABILITY ACT CLAIM

30. Thone incorporates herein the allegations contained in paragraphs 2 through 29.

31. Thone brings this action under the Texas Theft Liability Act for an unlawful appropriation of property under Texas Penal Code Section 31.03.

32. Johnson unlawfully appropriated Thone's personal property in violation of Texas Penal Code Section 31.03 when Johnson withdrew funds from Thone's account after consent to do so had been revoked.

33. Defendants' unlawful conduct was made with knowledge that this action would deprive Thone of Thone's property.

34. Upon proof of actual damages, Thone is entitled to additional statutory damages of up to $1,000 from Johnson under Texas Civil Practice & Remedies Code section 134.005(a)(1).

35. Thone seeks unliquidated damages of at least $13,231.10.

36. All conditions precedent to the recovery by Thone on its Theft Liability Act claim against Johnson have occurred, been performed or waived by Johnson.

## CAUSE OF ACTION No. 4:
## ATTORNEY FEES & INTEREST AGAINST DEFENDANTS

37. Thone incorporates herein the allegations contained in paragraphs 2 through 36.

38. Thone is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 134.005(b) because Thone is asserting a Theft Liability Act claim. Thone is entitled to recover attorney fees in the amount of at least $50,000.00 through trial, an additional $25,000.00 in the event of appeal and an additional $10,000.00 in the event of any writ granted by the Texas Supreme Court.

39. Thone is entitled to recover prejudgment and post judgment interest on all damages at the statutory rate of 6%.

## V.
## PRAYER

WHEREFORE, above premises considered, Thone prays that the Defendants be cited to appear and answer herein and that upon final hearing Thone have and recover the following:

A. Judgment for Thone and against Johnson for Thone's conversion claim in the amount of at least $13,231.10;

B. Judgment for Thone and against Johnson for Thone's theft liability act claim in the amount of at least $13,231.10;

C. Judgment for Thone and against Johnson granting attorney fees, prejudgment interest and post judgment interest against Johnson in the amount of at least $50,000.00 through trial, an additional $25,000.00 in the event of appeal and an additional $10,000.00 in the event of any writ granted by the Texas Supreme Court;

D. Judgment for Thone and against Johnson granting prejudgment interest at 6% or other amounts as allowed by law, as well as post judgment interest at 6% or other amounts as allowed by law;

E. A dismissal with prejudice of all claims and amounts asserted by Johnson; and

F. Such other and further relief, at law or in equity, for which Johnson may be justly entitled.

       Respectfully submitted,

       **SANDERFORD AND CARROLL, P.C.**

       /s/ Allen V. Wilson
       **BRIAN K. CARROLL**
       Texas Bar No. 24034363
       Brian@txconstructionlaw.com
       **ALLEN V. WILSON**
       State Bar No. 24088655
       Allen@txconstructionlaw.com
       2110 Birdcreek Drive
       Temple, Texas 76502
       Telephone: 254.773.8311
       Facsimile: 254.773.9175

       **Attorneys for Defendant**
       **Rick Thone**

## CERTIFICATE OF SERVICE

  The undersigned certifies that a true and correct copy of the above and foregoing document was served this 26th day of March 2015 in accordance with the Federal Rules of Civil Procedure upon all parties in the method further described below:

| | |
|---|---|
| Donna Brown | ☐ E-Service |
| DONNA BROWN, PC | ☐ CMRRR |
| 1250 S. Capital of Texas Highway | ☐ Regular First Class Mail |
| Building I, Suite 320 | ☒ Facsimile Number: (512) 732-2518 |
| Austin, Texas 78746 | ☐ E-mail address: |
| Telephone: (512) 732-2376 | |
| Facsimile: (512) 732-2518 | |
| E-mail dbrown@dbrownlaw.com | |

       /s/ Allen V. Wilson