IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CINCO J., INC. d/b/a JOHNSON OIL COMPANY<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 5:15-cv-214-XR |
| | § | |
| PRESSURE TRUCKS, INC. AND RICK THONE<br>    Defendants. | §<br>§<br>§<br>§ | |

**DEFENDANT RICK THONE'S REPLY TO PLAINTIFF'S RESPONSE TO THONE'S MOTION TO DISMISS JOHNSON'S SUIT ON SWORN ACCOUNT CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Rick Thone ("Thone") and files this Reply to Plaintiff Cinco J., Inc. D/B/A Johnson Oil Company's ("Johnson") Response to Thone's Motion to Dismiss Johnson's Suit on Sworn Account claim against Thone pursuant to Rule 12(b)(6) ("Reply"). In support, Thone would show the Court as follows:

I.

BACKGROUND

1.  In its original petition, Johnson sued Thone: (1) under a suit on sworn account theory of liability; and (2) based on an alleged breach of a guaranty agreement. Thone subsequently answered and argued: (1) that Thone, as a mere guarantor, could not be liable under a suit on sworn account cause of action; and (2) that Thone was not liable for the alleged breach of guaranty agreement.

2.       Johnson has responded, and argues that its claims against Thone should not be dismissed. In this Reply, Thone seeks to: (1) clarify the relief it seeks; and (2) affirm its position.

## II.

### ANALYSIS, AND AUTHORITIES

A.    *Thone's Case Law Supports Dismissal*

3.       Thone is not asking this Court to dismiss the breach of guaranty agreement claim asserted by Johnson against Thone. While Thone is not liable for this alleged breach of guaranty agreement, Johnson has pled a cause of action upon which relief can conceivably be granted.

4.       However, Thone cannot, under Texas law, be found liable for a suit on sworn account.[1] The *Arndt* case involved "an appeal from a suit on sworn account... against a corporate debtor... *and on related personal guaranty agreements against four individual guarantors*."[2] In other words, in the underlying trial court case, the corporate principal debtor was found liable on a suit on sworn account theory.[3] The individual guarantors were found guilty on the guaranty agreements.[4] On appeal, one of the individual guarantors argued that the trial court's judgment should be reversed because that individual

---

[1] *Arndt v. Nat'l Supply Co.*, 633 S.W.2d 919, 925 (Tex. App.—Houston [14th Dist.] 1982 writ ref'd n.r.e) ("With respect to appellant's claim that he was sued on the account as well as on the guaranty agreement, we hold that appellant was not and could not have been sued and held liable on the account.").
[2] *Id.* at 921 (emphasis added).
[3] *Id.*
[4] *Id.*

Defendant Thone's Reply to Plaintiff's
Response to Thone's Motion to Dismiss                                         Page **2** of **6**

had been found liable under a sworn account theory.[5] The Court of Appeals expressly held that "the appellant *was not <u>and could not</u> have been sued and held liable on the account.*"[6] Further, this was not dicta because this holding was necessary to dispose of the individual debtor's appellate argument. In this holding, the Court agreed with the individual debtor's general statement of law (that an individual who signs a guaranty agreement cannot be held liable under a sworn account theory). However, the Court held that this statement of law was not applicable to the facts of the case because liability had been imposed against the individual on a breach of guaranty agreement (which is a form of a breach of contract action) rather than a sworn account action.[7] Consequently, Johnson's statement that "the individual personal guarantor was ultimately held liable in a suit on sworn account" is an incorrect statement of Texas law.[8] As previously argued, Texas law is clear that a guaranty *cannot* be held liable under a suit on sworn account theory. Therefore, there is no set of facts upon which Thone could be found liable under this theory. Therefore, this claim should be dismissed.

B.   *Suit on Sworn Account Is an Invalid Theory in Federal Court*

5.   Finally, another valid basis for dismissal exists. A sworn account claim has been characterized by the Texas Supreme Court "as a procedural rule, with

---

[5] *Id.* at 925.
[6] *Id.*
[7] *Id.* at 925-26.
[8] Dkt. Entry 7, at 3.

regard to evidence necessary to establish a prima facie right of recovery, and not a rule of substantive law."[9] As the Eastern District of Texas, Beaumont Division has noted, Rule 185 of the Texas Rules of Civil Procedure directly conflicts with Rule 11 of the Federal Rules of Civil Procedure.[10] Federal Rule 11 governs all federal court pleadings and it does not require defensive pleadings to be verified. However, Texas Rule 185 applies to a very narrow set of pleadings. Texas Rule 185 was intended to retain antiquated procedural rules that require a defendant to file a verified pleading in cases that involve a specific type of debt.[11] This conflict cannot be reconciled because a court cannot simultaneously require and not require a pleading to be verified.[12] Further, Rule 11 is valid under the Rules Enabling Act.[13] Therefore, Plaintiff is unable to assert a sworn account claim in federal court period (against either Thone or Pressure Trucks, Inc.—a non-answering defendant).

---

[9] *Sneed Shipbuilding, Inc. v. Spanier Marine Corp.*, 125 F.R.D. 438, 443-44 (E.D. Tex. 1989); *Steves & Sons, Inc. v. Trinity Glass Intern., Inc.*, CIV.A. SA06CV357XR, 2007 WL 1556743, at *4 (W.D. Tex. May 25, 2007).

[10] *Sneed*, 125 F.R.D., at 442-43. This analysis is quite thorough, and a rehashing of the Court's reasoning is not necessary. However, it is important to note that this analysis was done pre-*Shady Grove*. Under a *Shady Grove* analysis, it is even more clear that Federal Rule 11 trumps Texas Rule 185 because the analysis stops after a court determines

[11] *Id.*

[12] *See id.*

[13] *Id.*

Defendant Thone's Reply to Plaintiff's
Response to Thone's Motion to Dismiss    Page 4 of 6

### III.

### CONCLUSION

There is no set of facts under which Johnson could recover against Thone under a sworn account claim. Therefore, this claim should be dismissed.

Respectfully submitted,

**SANDERFORD AND CARROLL, P.C.**

/s/ Allen V. Wilson
**BRIAN K. CARROLL**
Texas Bar No. 24034363
Brian@txconstructionlaw.com
**ALLEN V. WILSON**
State Bar No. 24088655
Allen@txconstructionlaw.com
2110 Birdcreek Drive
Temple, Texas 76502
Telephone:   254.773.8311
Facsimile:   254.773.9175

**Attorneys for Defendant Rick Thone**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Western District of Texas, San Antonio Division, by using the CM/ECF system on April 15, 2015.

Josh Sanford
Sanford Law Firm
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Josh@sanfordlawfirm.com
(t) 501.221.0088
(f) 888.787.2040

☒ CM/ECF
☐ Regular First Class Mail
☐ Facsimile Number:
☐ E-mail address:

**Counsel for Plaintiff**


Counsel for Plaintiff
Donna Brown
Donna Brown, P.C.
1250 S. Capital of Texas Highway
Building I, Suite 320
Austin, Texas 78746
dbrown@dbrownlaw.com
(t) 512.732.1276
(f) 512.732.2518

☐ CMRRR #### #### #### #### ####
☐ Regular First Class Mail
☒ Facsimile Number:  512-732-2518
☒ E-mail address: dbrown@dbrownlaw.com

**Counsel for Plaintiff**

/s/ Allen V. Wilson