IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CINCO J., INC., d/b/a JOHNSON OIL COMPANY, § § § | |
| *Plaintiff,* § | |
| § | Civil Action No. SA-15-CV-214-XR |
| v. § § | |
| PRESSURE TRUCKS, INC., AND RICK THONE, § § § § | |
| *Defendants.* § | |

**ORDER**

On this day the Court considered Defendant Rick Thone's Partial Motion to Dismiss for Failure to State a Claim. Docket no. 4. After careful consideration the Court GRANTS the motion.

### I.  BACKGROUND

This case arises out of a dispute over materials provided on credit by Cinco J., Inc. d/b/a Johnson Oil Company ("Johnson") to Pressure Trucks, Inc. ("Pressure"). Johnson is a Texas corporation, presumably in the oil and gas industry[1], with its principal place of business in Gonzalez, Texas. Pressure is an Arkansas corporation, also presumably in the oil and gas industry, that does business in Texas. Rick Thone is a former owner of Pressure who personally signed a guarantee so that Pressure could receive materials on credit in 2013. Docket no. 1-1, Ex. C. Johnson brought this suit to collect a debt on unpaid accounts against Pressure and Thone in the 25th District Court of Texas in Gonzales County, Texas, on February 18, 2015.

---

[1] Despite multiple filings by both parties in the case, no one has yet apprised the Court of what these companies do, what materials were provided on credit, or other relevant background facts.

1

Defendants removed the case to federal court on March 19, 2015.  Docket no. 1.  The Court issued a show cause order for Defendants to more adequately demonstrate diversity jurisdiction (docket no. 5), to which Defendants responded with the requisite information for proper removal.[2]  Thone answered the complaint, stated counterclaims, and concurrently filed this partial motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on March 26, 2014.  Docket no. 4.  Johnson responded to the motion to dismiss on April 9, 2015.  Docket no. 7.  Thone replied on April 15, 2015.  Docket no. 12.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought."  FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.

---

[2] The parties are completely diverse.  Johnson is seeking to collect $62,172.39 and an additional $20,000 in statutory attorney's fees pursuant to Texas Civil Practice and Remedies Code $38.001 *et. seq.*  Thus, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) (holding statutory attorney's fees are included in the amount calculation for amount in controversy) (citing *Foret v. Southern Farm Bureau Life Ins. Co*., 918 F.2d 534, 537 (5th Cir. 1990)).

A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

Here, Johnson attached an account statement, Pressure's application for credit, and the signed guarantee document to its petition. *See* docket no. 1-1, Ex. A-C. They are central to Johnson's claims. The Court, therefore, may consider the documents attached to the complaint in its analysis.

### III.   ANALYSIS

The complaint does not specify particular causes of action. *See* docket no. 1-1. Thone's motion to dismiss characterizes the complaint as stating two causes of action against each defendant: 1) breach of contract, and 2) "suit on a sworn account." Docket no. 4 at 1. Thone moves to dismiss only the "suit on sworn account" cause of action against him. *Id*. at 1-2. Johnson asserts the "suit on sworn account" cause of action is properly stated against both Defendants. *See* docket no. 7 at 1.

Thone makes two arguments to support dismissal: 1) "a sworn account" claim is a procedural rule rather than substantive law that does not apply in federal court; and 2) "a sworn account" claim cannot be asserted against Thone because he is a third-party to the account.

### A. Suit on sworn statement as a substantive cause of action

Thone argues "Rule 185 of the Texas Rules of Civil Procedure," the rule that relates to a suit on sworn account, "directly conflicts with Rule 11 of the Federal Rules of Civil Procedure," and thus Rule 185 should not be applied in this federal case. Docket no. 12 at 4.[3]

In diversity jurisdiction cases, under the *Erie* doctrine, federal courts apply state substantive law and federal procedural law. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Texas Rule of Civil Procedure 185 provides

> When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath. *A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be*. No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.

The Texas Supreme Court has clearly stated "Rule 185 is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a *prima facie* right of recovery." *Rizk v. Fin. Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979). The Fifth Circuit has affirmed that view of Rule 185. *Sunshine Traders of El Paso, Inc. v. Dolgencorp,*

---

[3] Thone brings up this argument for the first time in his reply. However, given its importance to this case going forward, the Court addresses it now.

*Inc.*, 219 F. App'x 375, 377 (5th Cir. 2007) (*per curiam*) ("Rule 185 is a procedural rule and does not apply under *Erie*…."). The leading secondary sources also declare that suit on a sworn account is not "a substantive cause of action. A suit on a sworn account is merely a procedural device to pursue a contract claim under Rule 185." O'CONNOR'S TEXAS CAUSES OF ACTION 2012, CHAPTER 5-E: CONTRACT ACTIONS – SUIT ON SWORN ACCOUNT (edited by MICHOL O'CONNOR); *see also* 28 TEX. PRAC., CONSUMER RIGHTS AND REMEDIES § 15.6 (3d ed.). This Court has stated in the past that it agrees "with its sister Court's conclusion that 'the procedural requirements of [R]ule 185 are not binding on federal courts.'" *Steves & Sons, Inc. v. Trinity Glass Int'l, Inc.*, No. CIV.A. SA06CV357XR, 2007 WL 1556743, at *4 (W.D. Tex. May 25, 2007) (quoting *Steelplan, Ltd. v. Steel Plan Australia Pty. Ltd.*, No. 3:02-CV-0470-P, 2003 WL 21499303, *9 (N.D. Tex. June 25, 2003)).

Nevertheless, the case law indicates that a "suit on a sworn account" is an underlying substantive cause of action separate from Rule 185. *See e.g.*, *Sunshine Traders of El Paso, Inc.*, 219 F. App'x at 377 ("Though Rule 185 is a procedural rule and does not apply under *Erie*, open accounts are a common law cause of action in Texas . . . . Under Texas common law, the plaintiff must establish the following elements for a cause of action on an account: "(1) a sale and delivery of the goods; (2) . . . the amount of the account is just . . .; and (3) that . . . amount is unpaid."); *Site Work Grp., Inc. v. Chem. Lime Ltd.*, 171 S.W.3d 512, 513-14 (Tex. App.—Waco 2005, no pet.) ("A defendant's verified denial of the correctness of a plaintiff's sworn account, in the form required by Rule 185, destroys the evidentiary effect of the itemized account and forces the plaintiff to put on proof of its claim . . . . The essential elements of a cause of action on an account are (1) a sale and delivery of the goods; (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement,

5

they are the usual customary and reasonable prices for those goods;[2] and (3) that the amount is unpaid."); *SM Energy Co. v. Smackco, Ltd.*, No. 11-CV-3028, 2012 WL 4760841, at *5 (S.D. Tex. Oct. 5, 2012) (where a plaintiff titled a cause of action as a "suit on a sworn account" under Texas law but Louisiana law controlled the case, the court stated "the elements of suit on an open account under Louisiana law are the same as elements of suit on a sworn account under Texas law"); *Robbins Hardwood Flooring, Inc. v. Bolick Distributors, Corp.*, No. CIV. 3:02-CV-1124-H, 2003 WL 21730142, at *2 (N.D. Tex. Mar. 18, 2003) *aff'd in part*, 79 F. App'x 81 (5th Cir. 2003) (citing *Burch v. Hancock*, 56 S.W.3d 257, 264 (Tex. App.--Tyler 2001, no pet.)) (reciting three elements for an "action on sworn account"); *Steves Sash & Door Co. v. WBH Int'l*, 575 S.W.2d 355, 356 (Tex. App.—San Antonio 1978) (holding a plaintiff must plead six elements to state a "suit on sworn account" cause of action); *Sneed Shipbuilding, Inc. v. Spanier Marine Corp.*, 125 F.R.D. 438, 444 (E.D. Tex. 1989) (contemplating both a procedural and a substantive aspect of "suit on sworn account" in Rule 185, but calling the potential substantive right the right to have a sworn denial to avoid frivolous answers).

"Suit on sworn account" appears in the case law in federal court at the summary judgment stage when a plaintiff attempts to argue that it should prevail because the defendant did not file a sworn denial, *see, e.g.*, *Sneed Shipbuilding*, 125 F.R.D. at 444, or at the motion to dismiss stage when a defendant argues a plaintiff did not properly plead a cause of action because the plaintiff did not strictly follow Rule 185 in a petition removed to federal court, *see, e.g.*, *Trinity Glass Int'l, Inc.*, 2007 WL 1556743, at *4. In both instances, the procedural requirements of Rule 185 are usurped and do not apply. However, there is still a substantive cause of action to sue on an account in Texas common law, further evidenced by the cases surviving summary judgment in disputes over unpaid amounts on open accounts.

The substantive cause of action Johnson is attempting to assert against the Defendants has many names in the case law: "suit on open account," "suit on an account," or often "suit on *sworn* account," because of "the procedure set forth in Rule 185 of the Texas Rules of Civil Procedure, by which a plaintiff establishes *a prima facie* right of recovery simply by verifying his complaint." *Smackco, Ltd.,* 2012 WL 4760841, at *5; *compare Sunshine Traders of El Paso, Inc.*, 219 F. App'x at 377 (referring to the cause of action as a suit "on an open account" or just "on an account"); *Site Work Grp., Inc.*, 171 S.W.3d at 513-14 (referring to a cause of action on an "open account" or "on an account")  *with Steves Sash & Door Co.*, 575 S.W.2d at 356 (referring to it as "on a sworn account"); *Bolick Distributors, Corp.*, 2003 WL 21730142, at *2 (calling the cause of action "on a sworn account" when compared to Louisiana's "on an open account"); *Burch v. Hancock*, 56 S.W.3d at 264 (same).

 Regardless of the name, it is clear that Texas common law has a cause of action for "suit on an account" with anywhere from three to six elements that Johnson is attempting to allege against Thone here.[4]  *Bolick Distributors, Corp.*, 2003 WL 21730142, at *2 (three elements) (quoting *Burch v. Hancock*, 56 S.W.3d at 264); *see Steves Sash & Door Co.*, 575 S.W.2d at 356 (six elements).  That substantive claim is not usurped by Fed. R. Civ. P. 11 and is applicable in federal court under the *Erie* doctrine.

### B.  Whether the "Suit on Account" Cause of Action Can be Asserted Against Thone

Still, the Court must determine if Johnson properly states a cause of action for "suit on a sworn account" against Thone sufficient to survive the Rule 12(b)(6) motion.  Thone's motion to dismiss argues that the "suit on sworn account" should be dismissed because the cause of action

---

[4] Though this is not clear from the live pleading because Johnson has not amended its complaint since filing a somewhat boilerplate petition in state court.  The live pleading does not clearly set out causes of action.  The Court deems Johnson is attempting to allege a suit on account cause of action because Johnson opposed the motion to dismiss in docket no. 7 and argued the suit on a sworn account against Thone should not be dismissed.

is not applicable to third parties or guarantors of the account.  Docket no. 4 at ¶2.  Thone cites two cases to support his position: *Products Unlimited, Inc. v. Am. Radiator & Standard Sanitary Corp., Indus. Div.*, 397 S.W.2d 551, 552 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e.); *Arndt v. Nat'l Supply Co.*, 633 S.W.2d 919, 925 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).  Johnson responds merely by attempting to distinguish the cases, arguing "Thone has asked this Court to misread the cases that he has cited . . . [and] has implicitly asked that the Court simply ignore the controlling law that mandates that his Motion be denied" without citing any cases to support its position that it properly asserted a "sworn on account" claim against Thone.

In *Products Unlimited*, the appellate court held that "the trial court could not render a valid summary judgment . . . based upon the verified account where there was a verified denial of the account, and that is the record shows, without dispute, that appellant was not sued as the purchaser of the property from appellee, but is sued only as a guarantor of the debt . . . . [A] verified account is purely hearsay as against a third party, such as the alleged guarantor in this case and cannot be the basis of the summary judgment against appellant." 397 S.W.2d at 552.  Thone cites this case, as do secondary sources, as establishing that the Rule 185 procedure cannot be used by the holder of a guaranty against a guarantor. *See, e.g.*, O'CONNOR'S TEXAS CAUSES OF ACTION 2012, CHAPTER 5-E: CONTRACT ACTIONS – SUIT ON SOWRN ACOUNT.  While this may be true, it is not the end of this Court's inquiry on this motion.  The Court must determine if Thone is only a third-party guarantor or if, without reaching that issue, the petition fails to state a claim on an account against Thone for some other reason.

*Arndt* is similar factually to this case.  A defendant corporation and four individual guarantors were sued in relation to an unpaid account. *Arndt*, 633 S.W.2d at 921-22.  Though it is not exactly clear from the opinion, it appears the corporation was found liable after a trial "on

8

a suit on sworn account" and the guarantors were found liable for breaching their guarantee contracts. *Id*. at 922. The appellate court held the appealing individual guarantor "was not and could not have been sued and held liable on the account. The mere allegations that the goods were sold to and delivered to defendants would not support a sworn account suit individually against [the guarantor] where the invoices and account attached all show . . . the corporate defendant was the only party to the transaction. [The guarantor] would be a stranger to the transaction and could not be held liable individually on the account." *Id*. at 925. Thone relies most heavily on the "was not and could not have been sued and held liable on the account" language to argue the claim against him should be dismissed because he "could not" be sued on a sworn account as a guarantor. He makes the argument assuming he is only a third-party, or "stranger to the transaction."

However, the *Arndt* court's analysis indicates whether a party is "a stranger to the transaction" is a fact-based inquiry depending upon if the alleged "stranger to the transaction" was sent invoices, whether the alleged "stranger's" name was on the account, and perhaps other facts, that is not appropriately settled at the motion to dismiss stage. *See id*. It is not readily apparent when the trial court made the determination the individual guarantor was a "stranger to the transaction" in *Arndt*, but the facts required to make such a determination imply it was necessarily done after the motion to dismiss stage.

Other Texas courts have performed a similar fact-based inquiry on the "stranger to the transaction" issue. In *Copeland v. Hunt*, the lower court held, after a trial with no evidence presented connecting the individual third party to the account at issue, that the individual was not liable on a suit on a sworn account. 434 S.W.2d 156, 158-59 (Tex. App.—Corpus Christi, 1968 writ ref'd n.r.e.). The evidence showed "the plaintiff's account was directed to" the corporate

9

defendant, not the individual, so the individual was a "stranger to the transaction." *Id*. (Where the plaintiffs' suit names the individual and a plaintiff swears an affidavit that the individual "owe[s] the account," but also where the attached documents supporting the account's existence did not name the individual defendant, "it was still incumbent upon the plaintiffs" to offer more than its allegations in the petition and a sworn affidavit when the documents controverted the allegations); *see also Boysen v. Sec. Lumber Co.*, 531 S.W.2d 454, 456 (Tex. App.—Houston 14th Dist. 1975) (after a trial, where "the [plaintffs'] pleadings alleged that goods, merchandise, materials and services were 'sold, delivered and furnished to and/ or for the [individual defendant, and] the statement and invoices attached to the petition and represented as the basis of the obligation were all addressed to 'Fred Boysen, Bissonnet Roofing Co.;'" the case did not "fall into the stranger to the transaction exception").

Thone has filed a Rule 12(b)(6) motion to dismiss, not a summary judgment motion. While it should be left to summary judgment for the Court to determine whether Thone is a "stranger to the transaction" because it is a fact issue requiring more development, Johnson still must allege with particularity all elements of a cause of action to properly state a claim that survives a Rule 12(b)(6) motion to dismiss in federal court.

At a minimum, the elements Johnson must have pled to state a cause of action on an account under Texas law are: "(1) a sale and delivery of goods or services; (2) the charges on the account are just, i.e., the prices are charged in accordance with an agreement or, in the absence of an agreement, are the usual, customary and reasonable prices for that good or service; and, (3) the amount remains unpaid." *Robbins Hardwood Flooring, Inc*, 2003 WL 21730142, at *2 (citing *Burch v. Hancock*, 56 S.W.3d at 264).[5]

---

[5] Other cases require as many as six elements. *See Steves Sash & Door Co.*, 575 S.W.2d at 356.

Here, unlike *Boysen*, a case where the goods were allegedly sold to the individual eventually found liable on the account, Johnson alleges it "sold to [Pressure] goods, services, wares, and merchandise, which said Defendant accepted and thereby became bound to pay to [Johnson] the stated price thereof which was a reasonable and fair, usual and customary price." Docket no. 1-1 at ¶¶ 2 & 4. In addition, like *Arndt* and *Copeland*, cases where individual defendants were found to be "strangers," the invoices attached to the petition are addressed only to "Pressure Trucks Inc." and not the individual guarantor, Thone. Docket no. 1-1, Ex. A.

Johnson only alleges Thone "guaranteed [Pressure's] payment of all sums due to [Johnson] as evidence by the Personal Guarantee" attached to the petition. It does not allege Johnson "sold goods, services, wares, and merchandise" to Thone, or that Thone is in any way connected to the unpaid account except through the guarantee. Johnson alleges no facts to support the first element of a suit on an account (or suit on a sworn account). Therefore, because Johnson has not properly alleged a sale or delivery of goods or services to Thone, Johnson's suit on the account against Thone must be dismissed. Johnson's claim against Thone for breach of the guarantee contract remains.

### IV.   CONCLUSION

For all of the above reasons, Defendant Rick Thone's Motion to Dismiss (docket no. 4) is GRANTED. Plaintiff has until May 8, 2015 to amend its complaint to properly plead the cause of action. Plaintiff is also urged to amend its complaint to more clearly state its remaining causes of action and more strictly comply with the Federal Rules of Civil Procedure pleading standards.

It is so ORDERED.

SIGNED this 29th day of April, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE